IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| VAN TRIEU NGUYEN, #14199-078 | § | |
| | | |
| VS. | § | CIVIL ACTION NO.4:10cv157<br>CRIM NO. 4:07cr2(8) |
| | | |
| UNITED STATES OF AMERICA | § | |

ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Amos L. Mazzant, who issued a Report and Recommendation concluding that the motion to vacate, set aside, or correct sentence should be denied and dismissed with prejudice. Movant has filed objections.

1. In his objections, Movant first complains that he did not consent for the Magistrate Judge to rule on his case. However, the case was referred to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case. This is permissible pursuant to 28 U.S.C. § 636. This section also allows for the filing of objections to the Magistrate Judge's findings of facts, conclusions of law, and recommendations. As Movant timely filed objections to the Report, the undersigned United States District Judge is now conducting the *de novo* review to which Movant is entitled. Movant's first objection is without merit.

2. Movant next complains that his supplemental claim filed in a subsequent filing was not

1

considered. However, this is proper. When filing his supplement, Movant failed to file a motion for leave to file such supplement. Case law has made it clear that Rule 15 applies to amendments of § 2255 motions. *See United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002) (Every circuit that has addressed this issue agrees that the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) does not render Rule 15 inapplicable to federal habeas proceedings.). Under Fed. R. Civ. P. 15( c), a district court may, in its discretion, permit an amendment that clarifies or amplifies a claim or theory in a timely filed § 2255 motion after the one-year statute of limitation of AEDPA has expired. *United States v. Thomas*, 221 F.3d 430, 433-34 (3rd Cir. 2000). Conversely, an amendment under Rule 15 ( c) should not be allowed where the movant seeks to add an entirely new claim or new theory of relief. *Id.* If a claim relates back to an original claim and the facts alleged implicate the original claim, an amendment may serve to fill in facts missing from the original claim. *See United States v. Duffus*, 174 F.3d 333, 337 (3rd Cir. 1999). Any new claims presented by Movant in his supplement would be barred by the AEDPA statute of limitations since his conviction and sentence were affirmed by the Fifth Circuit Court of Appeals on March 26, 2009, and Movant's supplement was not filed until October 3, 2011. Moreover, this issue could have been raised on direct appeal, and unconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in collateral proceedings. *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994). This objection is without merit.

      3. Movant finally complains that his "subject matter jurisdiction claim is a claim that cannot be waived, forfeited or procedurally barred for any reason." Although not completely clear, the Court believes that Movant is referring to his issue concerning venue, and as such, it was considered and discussed. As explained in the Report and Recommendation, Movant's argument that the jury

had to be instructed to find that the overt act committed by Bounthoem Lim was committed in Lewisville, Texas, is without merit. The following jury instructions were given concerning venue:

> Venue: The events presented at trial happened in various places. There is no requirement that the entire conspiracy take place in the Eastern District of Texas, but in order for the jury to return a verdict on the conspiracy charge, the government must convince you that either the agreement or one of the overt acts took place in the Eastern District of Texas. Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence. This means the government has to convince you that is more likely than not that part of the conspiracy took place in the Eastern District of Texas. The Court has taken judicial notice that Lewisville, Texas, is located in the Eastern District of Texas.

Movant has failed to show error. Furthermore, on direct appeal, the Fifth Circuit found that venue was proper. *United States v. Nguyen*, 317 Fed. Appx. 424, 428-29 (5th Cir. 2009). An issue that has been decided on direct appeal cannot be raised again on collateral review. *United States v. McCollum*, 664 F.2d 56, 59 (5th Cir. 1981). "Section 2255 may not be used to secure a second direct appeal. . . . [An issue] may not be resurrected and urged anew; it is a thing adjudged and definitively resolved" once disposed of on direct appeal. *Id*. Because this issue was raised on direct appeal and considered and ruled upon by the Fifth Circuit, it is barred from collateral review. *Id*. This objection is without merit.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Movant to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the motion to vacate, set aside, or correct sentence is **DENIED** and Movant's case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. Finally,

it is

> ORDERED that all motions not previously ruled on are hereby DENIED.

So ORDERED and SIGNED this 26 day of March, 2013.

_____
Ron Clark, United States District Judge